## IN EQUITY.

### The President, &c., of the Bank of Poughkeepsie vs. George Haight et al.

The service of *notice of application* for a rehearing of a cause decided at special term, at any time within thirty days after service of the decree, operates as a stay of proceedings.

*December Special Term. Dutchess County.—Motion to set aside Execution.*—By the affidavits read it appeared that a final decree was entered at the September special term in favor of the Plaintiffs. Within the time required by the rules the Defendants prepared and served a copy of a petition for a rehearing with notice of an application therefor for the next general term. The Plaintiffs caused the decree to be enrolled and issued execution thereon thirteen days after service of the notice of application for a rehearing, but before the general term for which notice was given. The Defendants moved to set aside the execution on the ground that the notice was a stay of the Plaintiffs' proceedings until the decision of the application.

Wm. Eno, *for Defts.*
Wm. I. Street, *for Plffs.*

Barculo, Justice.—The statute provides (2 R. S. 111, sec. 110, 2d edition,) that "no process shall be issued on any final decree until the same shall have been enrolled." The 97th section provides for the enrolment by enacting that "after the expiration of thirty days from the time a final decree shall have been entered in the minutes of the court, if no appeal shall have been entered therefrom, and *if no petition for a rehearing shall have been presented*, either party may have the decree enrolled.

It is quite manifest that under these sections the presentation of a petition for a rehearing within the time specified, or before the enrolment, must stay the enrolment and prevent the issuing of execution.

The 78th rule is drawn, and is to be construed with reference to this statute, and the 20th section of the new Judiciary Act which authorizes an application to be made at a general term for the rehearing of a cause decided at a special term. That rule provides that notice of the application may be served *at any time* within thirty days after service of the decree. If the *notice* may be served at *any time* within the thirty days, it follows that the day for hearing may, and often must, be after the expiration of that period. The rule proceeds: "If not applied for within that time, process may be issued to enforce the decree."

The best construction I am able to put upon this rule and statute is this: The words "*applied for*" in the latter clause of the rule are satisfied by due service of the *notice of application* within the required time, as mentioned in the former clause. In like manner the statute requiring the petition to be *presented* is satisfied by such notice of presentation. Hence it follows that the notice of application for a rehearing operates as a stay of the Plaintiffs' proceedings, and the execution was *irregularly* issued.

I have arrived at this conclusion with great reluctance; for I am apprehensive of the bad effects of allowing defeated parties to stay their adversaries' proceedings for several months by a mere notice and petition for a rehearing. In this very case, the Plaintiffs' proceedings are stayed until next June—a period of more than eight months from the time the cause was decided. This is, however, but one of the many evils which flow from the requiring the judges to hold the general terms in every county, and compelling parties to have their causes heard in their own or an adjoining county. The motion must be granted, but under the circumstances, without costs.